IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KRISTIAN DAVON HILLEARY, #300 572, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) |

CASE NO. 2:21-cv-277-WHA-JTA
[WO]

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Kristian Hilleary, proceeding *pro se,* filed this 42 U.S.C. § 1983 action on April 9, 2021. On April 12, 2021, the Court directed Plaintiff to file by April 27, 2021, a copy of his inmate account statement at the facility where he is detained. Doc. 3. The Court cautioned Plaintiff that his failure to comply with the order of the Court would result in a recommendation that this case be dismissed for failure to prosecute. *See* Doc. 3 at 2. To date, Plaintiff has failed to submit his inmate account statement.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance

with court's prior order directing amendment and warning of consequences for failure to comply). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's April 12, 2021, Order. Considering Plaintiff's disregard for orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

Plaintiff may file any objections to the Recommendation **on or before July 27, 2021**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-

1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of July, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE